UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

SILDAN CORPORATION
d/b/a ILLESTEVA,

    Defendant.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff, WINDY LUCIUS, ("Plaintiff"), hereby sues the Defendant, SILDAN CORPORATION d/b/a ILLESTEVA ("Defendant"), a Florida corporation, for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").

1. Plaintiff is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, Chapter 11-A of the Miami-Dade County Code of Ordinances and the Florida Civil Rights Act. Plaintiff is blind and therefore unable to fully engage in and enjoy the major life activity of seeing.

2. Plaintiff also utilizes the internet. Plaintiff is unable to read computer materials and/or access and comprehend internet website information without software specially designed for the visually impaired. Specifically, Plaintiff utilizes the JAWS Screen Reader software, which is one of the most popular reader Screen Reader Software ("SRS") utilized worldwide.

3. Plaintiff is also an advocate of the rights of similarly situated disabled persons and

is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their websites are in compliance with the ADA.

4. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Miami-Dade County Code of Ordinances and the Florida Civil Rights Act. The place of public accommodation that the Defendant owns, operates, or leases is located in Miami-Dade County.

5. Subsequent to the effective date of the ADA, the Miami-Dade County Code of Ordinances and the Florida Civil Rights Act Defendant constructed, or caused to be constructed, a website located at https://illesteva.com (hereinafter "website"). Defendant is the owner, operator, lessor and/or lessee of the website. This website supports, is an extension of, is in conjunction with, is complementary and supplemental to, the above-referenced public accommodation. This website provides information about Defendant's public accommodation, including information about the special sales, goods, services, accommodations, privileges, benefits and facilities available to patrons at physical locations. The website also allows customers to make purchases online. On information and belief, Defendant also continually and/or periodically updates and maintains the website.

**VENUE AND JURISDICTION**

6. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

7. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202

and supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

## COUNT ONE - VIOLATION OF
## TITLE III OF THE AMERICANS WITH DISABILTITIES ACT

8.  The website is an extension of Defendant's place of public accommodation. By and through this website, Defendant extends its public accommodation into individual persons' homes, portable devices and personal computers wherever located. The website is a service, facility, privilege, advantage, benefit and accommodation of Defendant's place of accommodation. The website also provides access to the goods, services, facilities, privileges, advantages or accommodations of the place of public accommodation. For example, the website provides a store locator, a list of items available for sale in the brick and mortar stores, and the ability to purchase items to be shipped as well as gift cards   Like many people, Plaintiff would like to pre-shop the Defendant's stores to determine whether certain items are available at the stores before she leaves home and whether the items are "on sale" or otherwise discounted.  She would like to take advantage of special sales in store that she would only know about from the website.  She would also like to determine which store is nearest to her location where she would shop.  Defendant's website provides access to benefits of Defendant's physical stores and Plaintiff was denied those benefits when she could not access Defendant's website. For example, the website allows customers to check on the availability of certain specific sunglasses and find the store where those sunglasses are available to the public. As such, the website has integrated with and is a nexus to the brick and mortar location.  Therefore, it is governed by the following provisions:

a.  42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

b.  42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

c.  42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

d.  42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

e.  42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

f.  42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or

activities that are not separate or different."

    g.  42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

    h.  42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

  9.  As the owner or operator of the subject website, Defendant is required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the website and the content therein, including the ability to place orders through the website for pickup at a designated location.

  10.  Plaintiff attempted to access and/or utilize Defendant's website, but was unable to, and she continues to be unable to enjoy full and equal access to the website and/or understand the content therein because numerous portions of the website do not interface with and are not readable by SRS. More specifically, features of the website that are inaccessible to the visually impaired include, but are not limited to, the following: The 25% off ad at the top of the homepage

5

has the same title as the other image next to it: "Read More." The percent off, coupon code or other info is not accessible to screen-reader users and they cannot tell that a special is available. After a user presses the Add to Cart button then a dialog is displayed that requires a user to select a lens type. This dialog is not announced. A user can only hear it if they press the down arrow. If they press the up arrow, for example, then they move out of the dialog without the item being added or any notice provided that it was added or not. It is unlikely that a screen-reader user will hear the Promo Code field since it's announced after the Continue button. After completing the form, a blind user must skip the Continue button and not submit the form. They must then skip the Return button, skip past all of the footer links and then they can hear the promo field. Most users will click the submit button and not continue searching the rest of the page. Additionally, after entering the promo code, the focus does not move back to the Continue button. Instead, focus jumps to the URL bar and a user has to navigate the page again and this time they have to hit the Continue button. The value of the gift card is shown on the card image and it's embedded in the Add to Cart button, but neither are announced to screen-reader users. The photo process is not announced to screen-reader users. Sighted users can see a countdown timer and they also see that the photo was successfully taken since the Submit button changes color. Disabled users are not notified about the timer or that an item was added. The photo process is not announced to screen-reader users. Sighted users can see a countdown timer and they also see that the photo was successfully taken since the Submit button changes color. Disabled users are not notified about the timer or that an item was added.

11.     Plaintiff continues to attempt to utilize the website and/or plans to continue to attempt to utilize the website in the near future. In the alternative, Plaintiff intends to monitor the website in the near future, as a tester, to ascertain whether it has been updated to interact properly

with screen reader software.

12. As more specifically set forth above, Defendant has violated the above cited provisions of the ADA by failing to interface its website with software utilized by visually impaired individuals. Thus, Defendant has violated the following provisions either directly or through contractual, licensing or other arrangements with respect to Plaintiff and other similarly situated individuals on the basis of their disability:

a. by depriving them of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

b. in the denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

c. in affording them the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

d. by providing them a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others (42 U.S.C. § 12182(b)(1)(A)(iii));

e. by failing to afford them goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the individual (42 U.S.C. § 12182(b)(1)(B));

f. notwithstanding the existence of separate or different programs or activities

provided in accordance with this section, by denying them the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

        g.    by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(2)(ii)); and,

        h.    by a failure to take such steps as may be necessary to ensure that they are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden (42 U.S.C. § 12182(b)(2)(iii)).

13. Plaintiff would like to be a customer at Defendant's brick and mortar location but before she goes to the store, she would like to determine what is available for her purchasing, what promotions are being offered and what new items are currently available. In that regard, Plaintiff continues to attempt to utilize the website and/or plans to continue to attempt to utilize the website on a monthly basis to make selections for purchasing online or in the store.

14. Plaintiff is continuously aware of the violations at Defendant's website and is aware that it would be a futile gesture to attempt to utilize the website as long as those violations exist unless she is willing to suffer additional discrimination.

15. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and

segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to attempt to utilize the website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendant deprives plaintiff the equality of opportunity offered to the general public.

16. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

17. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website as described above. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to access the website to avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that this website is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the website without fear of discrimination.

18. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and

litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its website to make it readily accessible to and usable by Plaintiff and other persons with vision impairment.

21. As a result of the foregoing, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs and litigation expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## COUNT TWO – NEGLIGENCE PER SE

22. Plaintiff adopts and re-alleges the allegations stated in paragraph 1 through 21 of this complaint as if fully stated herein.

23. Under the ADA, Chapter 11-A of the Miami-Dade County Code of Ordinances and the Florida Civil Rights Act of 1992 Defendant had a duty provide equal access to, and full and equal enjoyment of a public accommodation and services provided by Defendant.

24. Defendant willfully and knowingly breached this duty by failing to provide equal access to and full and equal enjoyment of specified public accommodation and services to Plaintiff, and has thus discriminated against Plaintiffs as a result thereof.

25. As a result, Plaintiff was emotionally distraught and embarrassed on numerous occasions.

26. As a proximate cause of Defendant's failure to maintain non-discriminatory policies and procedures, the Plaintiff has suffered harm due to Defendant's actions and inactions. Specifically, Plaintiff has been unable to use the Defendant's digital services and enjoy Defendant's public accommodation because Defendant has failed to comply with laws and regulations intended to protect Plaintiff from unlawful discrimination (the Americans with

Disabilities Act; Chapter 11-A of the Miami-Dade County Code of Ordinances; and the Florida Civil Rights Act of 1992).

27. If Defendant had complied with these laws designed to protect Plaintiff from discrimination on the basis of disability, Plaintiff would not have suffered these harms.

28. Plaintiff is entitled to be compensated for the damages resulting in Defendant's breach of this duty.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant's website at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. The Court issue a Declaratory Judgment that determines that the Defendant's website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

c. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its website to ensure that it is readily accessible to and usable by persons with vision impairment;

d. That this Court issue an Order directing Defendant to alter its website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA within 45 days of the Court entering an order;

e. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f. That this Court enter an Order directing Defendant to continually update and maintain its website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. That this Honorable Court grant monetary damages to compensate the Plaintiff for the costs incurred when Defendant wrongfully failed to provide a service that was equally accessible to persons with vision disabilities to compensate for the emotional distress, embarrassment and experienced due to Defendant's breach of its duties;

h. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

    i.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 20, 2020

                      Respectfully submitted,

                      */s/ J. Courtney Cunningham*
                      J. Courtney Cunningham, Esq.
                      J. COURTNEY CUNNINGHAM, PLLC
                      FBN: 628166
                      8950 SW 74th Court, Suite 2201
                      Miami, FL 33156
                      T:  305-351-2014
                      cc@cunninghampllc.com